### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

_____
)
KATHIE'S KITCHEN LLC,           )

         Plaintiff      )     Civil Action No.
)
vs.                     )
)
MARY'S GONE CRACKERS, INC.,   )
)
        Defendant    )
_____)

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES

Kathie's Kitchen LLC ("Plaintiff"), by and through its attorneys, brings this action against Mary's Gone Crackers, Inc. ("Defendant"), alleging as follows:

### _Jurisdiction and Venue_

1.     Plaintiff brings this civil action under the trademark laws of the United States, 15 U.S.C. § 1051 _et seq._, as amended (hereinafter "Lanham Act"), 1114 and 1125, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, and Connecticut common law.

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367(a).

3.     The United States District Court for the District of Connecticut has jurisdiction over Defendant because, upon information and belief, Defendant conducts business in Connecticut and its acts within or directed toward Connecticut have caused

the injuries Plaintiff alleges herein.  Defendant actively promotes its products in Connecticut, advertises in Connecticut, and operates a website that is accessed from Connecticut.  Furthermore, Defendant and Defendant's distributors sell its products in Connecticut retail stores and Defendant sells its products directly to Connecticut consumers.

4.     Venue is proper under 28 U.S.C. § 1391 because the events giving rise to the claims herein occurred in this district.

### *The Parties*

5.     Plaintiff Kathie's Kitchen LLC is a Connecticut limited liability company having a place of business at 50 Devine Street, North Haven, Connecticut.

6.     Defendant Mary's Gone Crackers, Inc. is a Delaware corporation and has a place of business at 100 Kentucky Street, Gridley, California 95948.

### *Background*

7.     Plaintiff is a company in the business of producing and distributing roasted shelled pumpkin seeds under the trademark SUPERSEEDZ®.

8.     Plaintiff has used its trademark SUPERSEEDZ® in connection with roasted shelled pumpkin seeds since November 2003.  Plaintiff's trademark SUPERSEEDZ® has acquired secondary meaning and distinctiveness from its longstanding use and promotion by Plaintiff.

9.     Plaintiff has registered its trademark SUPERSEEDZ® for use in connection with roasted shelled pumpkin seeds with the United States Patent and Trademark Office, U.S. Trademark Registration No. 4018778 (See Exhibit A).

10.     Plaintiff has been using its SUPERSEEDZ® mark in connection with its roasted pumpkin seed products since at least as early as November 2003.

11.     Plaintiff has actively promoted its SUPERSEEDZ® mark in connection with its roasted pumpkin seed products since at least as early as November 2003.

12.     Plaintiff's sales channels include grocery stores, health food stores, natural food stores, and other retail food stores, as well as direct and online sales to customers.

### ***Defendant's Infringing Activities***

13.     Defendant is using the name and trademark SUPER SEED to promote, market, and sell cracker products containing pumpkin seeds and other seeds.

14.     Defendant's first SUPER SEED product was a cracker product containing pumpkin seeds and other seeds (See Exhibit B).  Upon information and belief, in 2016 Defendant expanded its use of SUPER SEED by modifying the packaging of its first SUPER SEED product (SUPER SEED Classic) and introducing four new SUPER SEED cracker products (SUPER SEED Basil & garlic, Everything, Seaweed & Black Sesame, and Chia & Hemp) (See Exhibit C).

15.     Plaintiff's SUPERSEEDZ® products and Defendants SUPER SEED products compete in the consumer food market.  Defendant's cracker products and Plaintiff's pumpkin seeds are both healthy and nutritional snack products.  Seed based crackers are natural zone of expansion for Plaintiff's SUPERSEEDZ product line. Roasted pumpkin seed products and crackers are related goods.

16.     Plaintiff's SUPERSEEDZ® products and Defendants SUPER SEED products are sold in the same channels of trade.

17.     One overlapping channel of trade for Plaintiff's and Defendant's products is  grocery stores.

18.     Other overlapping channels of trade for Plaintiff's and Defendant's products are health food stores and natural foods stores.

19.     Defendant has applied to register the trademark SUPER SEED as a trademark in the United States Patent & Trademark Office.  Defendant is the owner of U.S. Trademark Application No. 86/868,833 filed January 7, 2016 for SUPER SEED for "crackers."  Defendant's trademark application has twice been refused registration under Section 2(d) of the Trademark Act (15 U.S.C. §1052(d)), by Office Actions dated April 22, 206 and May 16, 2016, on the grounds that there is a likelihood of confusion between Defendant's trademark SUPER SEED and Plaintiff's mark SUPERSEEDZ, U.S. Trademark Reg. No. 4,018,778.

20.     Defendant's use of SUPER SEED is likely to cause confusion, mistake, and deception among the public.

21.     Defendant's use of SUPER SEED is likely to cause confusion, mistake, and deception among the public by creating the belief that Defendant's product is sponsored or authorized by Plaintiff or affiliated with Plaintiff and/or its SUPERSEEDZ® products.

22.     Defendant's use of SUPER SEED is likely to lead and has led the public to conclude erroneously that the goods offered by Defendant originate with, are affiliated with, are sponsored by, and/or are authorized by Plaintiff, causing damage and harm to Plaintiff and the public.

23.     Defendant's use of SUPER SEED is likely to lead and has led the public to conclude erroneously that the goods offered by Defendant originate with, are affiliated with, are sponsored by, and/or are authorized by Plaintiff,

24.     On June 9, 2016, Plaintiff sent letters to Defendant, which Defendant received, demanding that Defendant cease its use of SUPER SEED.  Defendant has chosen to ignore this demand and has continued and expanded its sale of products displaying the SUPER SEED mark in willful disregard of Plaintiff's rights.  Upon information and belief.

25.     On information and belief, Defendant plans to continue using the SUPER SEED mark on its products.

26.     Defendant's use of SUPER SEED misappropriates the goodwill that Plaintiff has built in the SUPERSEEDZ® mark and causes irreparable harm to Plaintiff and its business reputation and goodwill for which Plaintiff has no adequate remedy at law.

27.     Defendant's activities have caused irreparable injury to Plaintiff's reputation and goodwill, and that harm is likely to continue.

28.     Defendant's activities have resulted in damages and lost revenue for Plaintiff, and that harm is likely to continue.

## *Claim One*

### Infringement of Federally Registered Trademark

29.     Plaintiff re-alleges all allegations contained in each of the preceding paragraphs as if fully set forth herein.

30.     The foregoing acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff.

31.     The foregoing acts of Defendant constitute willful infringement of SUPERSEEDZ®, U.S. Trademark Registration No. 4018778 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of the infringement of its mark.

### *Claim Two*

### False Designation of Origin and Unfair Competition

33.     Plaintiff re-alleges all allegations contained in each of the preceding paragraphs as if fully set forth herein.

34.     The foregoing acts of Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

35.      The foregoing acts of Defendant constitute a false designation of origin which is likely to cause confusion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of the false designation of origin.

### *Claim Three*

**Common Law Trademark Infringement and Unfair Competition**

37.     Plaintiff re-alleges all allegations contained in each of the preceding paragraphs as if fully set forth herein.

38.     The foregoing acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of Connecticut.

39.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendant's trademark infringement and unfair competition practices.

### *Claim Four*

**Unfair Competition under The Connecticut Unfair Trade Practices Act**

40.     Plaintiff re-alleges all allegations contained in each of the preceding paragraphs as if fully set forth herein.

41.     Defendant's conduct amounts to a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, and has resulted in damage and ascertainable loss to Plaintiff.

42.     On information and belief, the complained of activities were undertaken by Defendant in willful disregard of Plaintiff's rights and of the law.

43.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendant's unfair practices.

### *PRAYERS FOR RELIEF*

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant as follows:

1.     The Defendant, its officers, agents, employees, servants, representatives, and all persons acting under or in concert with him, be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using, in conjunction with any goods or services, the mark SUPER SEED or any other mark, word, or name confusingly similar to or including Plaintiff's mark SUPERSEEDZ®;

2.     The Defendant, its officers, agents, employees, servants, representatives, and all persons acting under or in concert with him be required to deliver up for destruction all packaging, labels, advertisements, brochures, and other business and promotional materials that bear the mark SUPER SEED or any other mark, word or name confusingly similar to or including Plaintiff's mark SUPERSEEDZ®;

3.     The Defendant be enjoined from using the mark SUPER SEED or any other mark, word or name confusingly similar to or including the mark SUPERSEEDZ® anywhere on its website;

4.     The Defendant be required to account and pay to Plaintiff all profits derived as a result of the activities complained of herein;

5.     The Defendant be required to compensate Plaintiff for its damages sustained as a result of the activities complained of herein;

6.     The Defendant be required to pay increased damages due to its willful infringement;

7.     The Defendant be required to pay costs and attorney fees; and

8.     For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

August 26, 2016

*/s/ Stephen P. McNamara*
Stephen P. McNamara, ct01220
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: smcnamara@ssjr.com, litigation@ssjr.com

ATTORNEYS FOR PLAINTIFF